# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John E. Semler,

           Plaintiff,

v.

Nancy A. Berryhill, Acting Commissioner
of Social Security,

           Defendant.

Case No. 16-cv-2445 (TNL)

**ORDER**

J. Asha Sharma and Paul McGrath, Disability Partners PLLC, 2579 Hamline Avenue North, Suite C, Saint Paul, Minnesota 55113 (for Plaintiff); and

Bahram Samie, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

      Plaintiff John E. Semler, through his attorneys, brought suit contesting Defendant Commissioner of Social Security's denial of his application for adult child's insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. (ECF No. 1). Plaintiff's motion for summary judgment was granted, Defendant's motion for summary judgment was denied, and the Commissioner's decision was vacated as to steps two through five and this case was remanded for further proceedings. (ECF No. 25).

      Plaintiff then filed an Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 28). Plaintiff requests an award of attorney's fees totaling $18,885.25 for 97.3 hours of work. (ECF Nos. 28–31, 33). In support of the motion, Plaintiff's counsel has provided an affidavit attesting to the legal

services performed alongside an itemized list of the time worked. (ECF No. 33). Defendant submitted an opposition brief, arguing that Plaintiff cannot be compensated for clerical tasks and also seeking a wholesale reduction of the fees rewarded. (ECF No. 34).

## I. ANALYSIS

### A. Legal Standard

Under the Equal Access to Justice Act ("EAJA"), "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, Case No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). Fees must be awarded under the EAJA to a prevailing social security claimant unless the Commissioner's "position in denying benefits was substantially justified." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). The Commissioner "bears the burden of proving the denial of benefits was substantially justified." *Id.*

The Commissioner does not dispute that Plaintiff was the prevailing party. (ECF No. 34, at 2). Nor does the Commissioner raise any argument that her position in denying benefits was substantially justified. Rather, the Commissioner challenges the requested fees on two grounds. First, the Commissioner argues that counsel billed for some clerical activities which are non-compensable under the EAJA. (ECF No. 34, at 2–4). Second, the Commissioner argues that the amount of time spent by counsel was unreasonable. (ECF No. 34, at 4–6). In response, Plaintiff's counsel concedes some hours billed are non-

compensable, (ECF No. 35, at 1–3), but argues that the time spent overall was reasonable, (ECF No. 35, at 3–11).

### B.  Administrative and Clerical Tasks

"It is well settled that costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate and are not properly reimbursable." *Brandt v. Astrue*, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)); *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004). "Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees." *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (citing *Jenkins*, 491 U.S. at 288 n. 10); *Granville House, Inc. v. Dept. of Health, Educ. and Welfare*, 813 F.2d 881, 884 (8th Cir, 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 562 (E.D. Pa. 2009) (concluding that purely clerical activities, regardless of who performs them, are considered overhead and not compensable as attorney fees); *see Brandt*, 2009 WL 1727472, at *3, *5 (declining to award fees for clerical tasks performed by an attorney notwithstanding the fact that the attorney "d[id] not utilize any paralegal or assistants for any task"). Clerical activities include tasks such as filing documents, preparing and serving summons, preparing and serving a civil cover sheet, mailing items to the court or other parties, downloading and emailing documents, and scanning documents as well as preparing an itemized invoice for legal services. *See, e.g., Neil v. Comm'r of Soc. Sec.*,

495 Fed. App'x 845, 847 (9th Cir. 2012); *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 651 (S.D. Ohio 2013); *Brandt*, 2009 WL 1727472, at *3–*5.

Here, the Commissioner challenges 4.1 hours billed by Plaintiff's counsel, asserting the time entries constitute non-compensable clerical tasks. First, the Commissioner challenges 3.5 hours from July 11, 2016, July 15, 2016, July 18, 2016, and July 19, 2016 for preparing forms to be filed with the court;[1] 0.3 hours on December 7, 2016 for mailing Plaintiff's motion for summary judgment; and 0.3 hours on January 27, 2017 for scanning and filing Plaintiff's reply brief. (ECF No. 34, at 3–4). The Commissioner offers no analysis as to the hours challenged, merely asserting that "these purely clerical tasks are non-compensable under the EAJA and should not have been included in Plaintiff's fee application . . ." (ECF No. 34, at 4).

Plaintiff asserts the 1.2 hours spent on July 11, 2016 gathering and drafting forms for filing this case in district court and researching filing procedures and rules was not

---

[1] Concerning July 11, 2016, Plaintiff billed 1.2 hours to gather court filing forms and look up new filing and electronic case filing rules and began drafting district court filing forms; 0.1 hours for a phone call to the client regarding an *in forma pauperis* ("IFP") application, but the client did not answer and there was no voicemail answering system; and 0.2 hours for the two attorneys working on the case to consult regarding the administrative hearing, including whether the ALJ addressed Plaintiff's hearing loss, what the independent medical expert testified to, and issues that needed clarification for the appeal. (ECF No. 33, Ex. A, at 1). With respect to July 15, 2016, Plaintiff's counsel billed for 0.1 hours in an attempt to reach Plaintiff's sister/caregiver concerning the IFP application, leaving a voicemail message. (ECF No. 33, Ex. A, at 1). For July 18, 2016, Plaintiff's counsel billed 0.9 hours for completing the complaint and civil cover sheet and filing the documents through ECF, as well as another attempt to reach Plaintiff and his sister concerning the IFP application. (ECF No. 33, Ex. A, at 1). For July 19, 2016, Plaintiff's counsel billed: 0.8 hours concerning telephone calls with the district court and Plaintiff regarding the IFP application, then completing and filing the IFP application; 0.2 hours to prepare and mail the consent to a magistrate judge form required for social security cases in this District and mailed it to the court; and 0.2 hours to complete the EAJA fee assignment form. (ECF No. 33, Ex. A, at 1–2).

The Commissioner does not reconcile the fact that the July 2016 dates to which she references comprise of 3.7 hours of time entries, rather than the 3.5 hours challenged in her brief. The Commissioner has not specified exactly which of the 3.5 out of the 3.7 hours sought that she deems clerical. Accordingly, the Court examines the full range of entries from July 11, 2016, July 15, 2016, July 18, 2016, and July 19, 2016.

4

clerical in nature because it required the knowledge of an attorney to ensure proper completion and that it is not excessive or unreasonable because Plaintiff's attorneys have very little experience handling cases in federal district court. (ECF No. 35, at 2). Here, while the Court is sympathetic with Plaintiff's counsels' inexperience litigating in federal court and commends time spent ensuring Plaintiff's complaint was properly filed, a requisite for admission to practice in this District is an attorney's familiarity with the Federal Rules of Civil Procedure and the court's local rules. D. Minn. LR 83.5(c). As noted above, time spent filing documents, preparing and serving summons, and preparing and serving a civil cover sheet are considered clerical activities. As such, the Court concludes these 1.2 hours spent on July 11, 2016 are non-compensable under the EAJA. Moreover, Plaintiff agrees to eliminate the 0.1 hours spent on July 11, 2016 concerning the unsuccessful telephone call. (ECF No. 35, at 3). Accordingly, the 0.1 hours spent on the unsuccessful telephone call is eliminated from Plaintiff's fee request. With respect to the 0.2 hours spent by Plaintiff's two attorneys to consult with one another regarding the administrative hearing, including whether the Administrative Law Judge ("ALJ") addressed Plaintiff's hearing loss, what the independent medical expert testified to, and issues that needed clarification for the appeal, the Court concludes this is compensable EAJA work. As such, the total hours for July 11, 2016 are reduced from 1.5 to 0.2 hours.

As with the unsuccessful July 11 telephone call, Plaintiff agrees to eliminate the 0.1 hours spent on July 15, 2016 on another unsuccessful telephone call. (ECF No. 35, at 3). Accordingly, the 0.1 hours spent on July 15, 2016 is eliminated from Plaintiff's fee request.

5

Plaintiff agrees to reduce the time spent on July 18, 2016 for filing documents electronically, noting that Plaintiff's counsel does not employ a paralegal but understands such time is non-compensable. (ECF No. 35, at 2–3). Plaintiff suggests a reduction from 0.9 hours to 0.4 hours. (ECF No. 35, at 3). The Court finds Plaintiff's offered reduction is reasonable. Time spent drafting the complaint is compensable under the EAJA, but time spent completing the civil cover sheet and filing the documents constitutes non-compensable clerical work.

With respect to the 0.8 hours billed on July 19, 2016, Plaintiff suggests lowering the time spent from 0.8 hours to 0.5 hours to eliminate the time spent on a telephone call and the time spent electronically filing. (ECF No. 35, at 3). The Court concludes a more reasonable reduction is to 0.3 hours. The 0.8 hours on July 19, 2016 concerns multiple telephone calls and electronic filing. When viewing the July 18, 2016 reduction in time due to electronic filing in relation to the simple nature of the IFP application, (ECF No. 4), 0.3 hours properly compensates the effort expended on July 19, 2016. Plaintiff agrees to reduce the July 19, 2016 entry for drafting and mailing the consent form from 0.2 hours to 0.1 hours to eliminate the time spent mailing. (ECF No. 35, at 3). The Court finds this constitutes non-compensable clerical work, as such a form is a filing requirement in this District as per Local Rule 7.2(a). And with respect to the 0.2 hours billed for completing the EAJA fee assignment form and mailing to Plaintiff for signature, the Court concludes this entry should be eliminated from consideration because it is indistinguishable from a later billing entry from Plaintiff's counsel: 2.0 hours billed on December 8, 2017 for preparation of the EAJA fee petition. (ECF No. 33, Ex. A, at 4).

Plaintiff has filed the same affidavit twice with the Court, once early in the case and then again accompanying his EAJA fee petition. (*Compare* ECF No. 14 *with* ECF No. 31). As such, Plaintiff cannot recover the fees for this work twice. Therefore, the total hours for July 19, 2016 are reduced from 1.2 to 0.3 hours.

With respect to December 7, 2016, Plaintiff's counsel billed for 0.3 hours to mail two paper courtesy copies of its summary judgment and brief to the court, requiring a trip to the post office. (ECF No. 33, Ex. A, at 4). And with respect to January 27, 2017, Plaintiff billed for 0.3 hours to scan the reply brief and supporting certifications for electronic filing as well as mailing paper courtesy copies to the court. (ECF No. 33, Ex. A, at 4). Plaintiff concedes these time entries both constitute tasks that could have been performed by clerical staff, making them non-compensable under the EAJA. (ECF No. 35, at 2). Therefore, the Court concludes the 0.6 hours billed on December 7, 2016 and January 27, 2017 constitute non-compensable clerical tasks and reduces the hours requested by Plaintiff's counsel accordingly.

In sum, the Court reduces Plaintiff's total requested hours by 3.4 hours as non-compensable under the EAJA. As such, Plaintiff's total hours at issue are reduced from 97.3 to 93.9 hours. The Court next turns to the Commissioner's challenge as to the reasonableness of these claimed hours.

### C. Attorney Time Spent

Attorney's fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Spiller*, 940 F. Supp. 2d at 650. Counsel for the prevailing party has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise

7

unnecessary" hours from counsel's fee petition. *Hensle*y, 461 U.S. at 434; *see* 28 U.S.C. § 2412(b). "Once the adverse party objects to the fee request, the Court has a great deal of discretion to adjust the requested fees in light of the objections raised." *Magwood*, 594 F. Supp. 2d at 562.

In the instant case, the Commissioner asserts that Plaintiff's counsels' total billed hours are unreasonable and constitute a "drastic deviation from the average EAJA in Social Security disability cases, which is 20-40 hours." (ECF No. 34, at 4, 6). The Commissioner asserts that the 70.2 hours that counsel billed from June 20, 2016 through November 28, 2016 for reviewing the record, consulting with each other, and preparing Plaintiff's initial brief is excessive. (ECF No. 34, at 5). The Commissioner argues that counsel's brief contains lengthy sections of boilerplate language outlining the general standard of review and social security law and policy, a 12-page procedural history and statement of facts, and 14 pages of counsel's actual argument. (ECF No. 34, at 5). The Commissioner requests a reduction of counsel's briefing time to one hour of time per page of substantive briefing, or 26 total hours, for preparing Plaintiff's initial brief. (ECF No. 34, at 5).

The Commissioner also challenges the 20.6 hours of time that counsel billed in January 2017 for reviewing the Commissioner's response brief and preparing Plaintiff's eight page reply brief. (ECF No. 34, at 5–6). The Commissioner argues that her brief merely responded to the issues Plaintiff raised in his initial brief and did not raise additional issues, and further contends that Plaintiff's reply brief merely restates his arguments from his opening brief. (ECF No. 34, at 5–6). Because of this, the

Commissioner argues that Plaintiff's counsel should not be compensated for more than one hour of time per page, or eight total hours for preparing Plaintiff's reply brief. (ECF No. 34, at 5–6).

As Plaintiff points out, the Commissioner "has done little to specify which of [the 60.9] hours is unreasonable or excessive." (ECF No. 35, at 4). Rather, the Commissioner submits that it would be excessive and unreasonable to compensate Plaintiff for more than one hour of time per page of substantive briefing on the initial memorandum and reply memorandum. The Commissioner points to no case law setting such an exacting standard. Such a standard, Plaintiff argues, would effectively price out attorneys from handling complicated cases, particularly attorneys who have limited federal litigation experience. (ECF No. 35, at 11–2). Additionally, Plaintiff's counsel notes that, because of their limited federal litigation experience, they did not use boilerplate language as asserted by the Commissioner, but instead had to research the law as was directly applicable to Plaintiff's disabled adult child claims. (ECF No. 35, at 4–5). Plaintiff's counsel also notes that an experienced social security attorney rejected Plaintiff's case as it was considered undesirable. (ECF No. 35, at 7–8).

Here, the Court does not find the fees requested by Plaintiff to be unreasonable. As detailed in the September 26, 2017 Order, the ALJ "improperly combined the various references and requirements pertaining to age for adult child's disability benefits, thereby tainting his analysis through an erroneous legal standard." (ECF No. 25, at 5). The improper framing of the "regulatory framework governing Plaintiff's application for benefits tainted [the ALJ's] decision throughout the sequential evaluation[] process."

9

(ECF No. 25, at 5). The misstatement of the applicable regulations by an experienced ALJ supports just how difficult the legal framework concerning Plaintiff's claim was, a framework under which Plaintiff's attorneys expended significant hours untangling a defective administrative decision.

Nor will the Court deduct Plaintiff's requested fees because his brief contains legal standards and framework. The case here was not a routine DIB or SSI administrative appeal, but involved a niche area of social security law relating to disabled adult child benefits. The case here was decided entirely upon the legal framework encompassing such a claim, rather than the application of the substantial evidence standard. As such, it was reasonable for Plaintiff's brief to focus on the appropriate legal guidance, rather than a fact-intensive inquiry into the ALJ's decision, because a proper understanding of the governing principles was necessary to untangle the ALJ's error in this case.

Nor will the Court punish Plaintiff's counsel with an across-the-board reduction in fees due to their inexperience in federal court. As Plaintiff's counsel note, an experienced social security appeal litigator declined Plaintiff's case citing multiple factors inhibiting a successful appeal. It is extremely unlikely that Plaintiff, who alleges mental disability since birth, could have litigated this case *pro se* to the same result achieved by his counsel. But for Plaintiff's counsels' efforts, Plaintiff would be foreclosed from receiving benefits. An award of EAJA fees encourages attorneys to take on complicated cases, including attorneys that do not have extensive experience litigating such matters.

The Commissioner argues that the average award in social security cases ranges between 20 to 40 hours. *See Coleman v. Astrue*, 2007 WL 4438633, at *3 (N.D. Iowa

Dec. 17, 2007) ("Although *some* courts have held, as the Commissioner suggests, that a total of 15 to 20 hours is reasonable in this type of case, other courts have held routine disability benefits cases commonly require 20 to 40 hours of attorney time.") (emphasis in original). "*Coleman* only acknowledged that some courts have found that the typical case falls within this range, and the *Coleman* court also explicitly noted that other courts—such as the Second Circuit—have affirmed fee awards for many more hours 'based on the facts of the case.'" *Carpenter v. Colvin*, Case No. 14-cv-1664 (JRT/TNL), 2016 WL 4218282, at *2 (D. Minn. Aug. 10, 2016) (citing *Coleman*, 2007 WL 4438633, at *3). Here, the facts of this case do not justify a wholesale reduction in the number of hours awarded.

While Plaintiff was represented by his counsel from the administrative stage to this federal court action, indicating a degree of familiarity with the underlying facts, this case involved a particularly difficult legal dispute that was far from simple or routine. Once the ALJ erred, Plaintiff's case shifted substantially from trying to prove disability to having to argue to this Court the appropriate legal standard. Such a shift in the case required the expenditure of additional time and effort beyond more routine and typical social security benefits litigation. The difficulty in the legal framework surrounding Plaintiff's application for benefits is apparent in the experienced ALJ's misunderstanding and misapplication of the governing legal standard. As such, while Plaintiff's counsel requests compensation for a range of hours outside those typical in many disability benefits cases, this case was far from routine and the time spent was justified. In this context, the Commissioner must do more to challenge successfully the fees requested by

Plaintiff than to point out generally that the total number of hours expended here is relatively high compared to other benefits cases. Specific challenges by the Commissioner would have been helpful to the Court, for example: X number of hours spent by Plaintiff's counsel researching simple topic Y is not reasonable because of Z reason and should be reduced to W hours. Rather than challenge any specific time entry—other than those related to clerical tasks addressed by the Court above—the Commissioner asked only for a blanket reduction in the time awarded. Given the relative complexity of this case and in the absence of any specific challenge by the Commissioner, the Court does not find the fees requested to be unreasonable.

Finally, the Court does not agree with the Commissioner's assertion that Plaintiff's reply brief "merely restate[d] his arguments" raised in his initial brief. (ECF No. 34, at 5). Through his reply brief, Plaintiff discussed five discrete issues, rebutting the Commissioner's legal arguments while buttressing his own. Rather than a mere recitation of previous arguments, the Court finds the reply brief was a succinct response to the Commissioner's 18-page brief seeking to uphold a legally inadequate administrative decision. Again, absent any specific challenge by the Commissioner as to why specific time spent was unreasonable in some manner beyond the Commissioner's general request for an across-the-board reduction in time, the Court will not find the fees requested to be unreasonable. Accordingly, the Court does not reduce the time spent by Plaintiff's counsel on the reply brief.

In sum, the Court awards Plaintiff fees under the EAJA for 93.9 hours of work. While this is well above what the Commissioner asserts is average for a social security

appeal in federal court, this was no average case and the Court finds no compelling reason to accept the Commissioner's request for a blanket reduction in Plaintiff's fees. From inception, this case did not even fall under the typical DIB or SSI statutory scheme, but under that governing adult child's insurance benefits. The appropriate standard eluded even an experienced ALJ. The Commissioner wrote 18-pages arguing for the affirmation of a legally-suspect administrative decision and Plaintiff's counsel had to spend sufficient time drafting a reply brief. While Plaintiff's fee request surely reaches the upper limit of reasonability, the fees requested are not excessive under the facts attending this particular case.

Of final note, the parties are pennies apart as to the appropriate hourly rate—Plaintiff submits $194.17 per hour, (ECF No. 35, at 11 n.3), while the Commissioner asserts $194.09 per hour (ECF No. 34, at 2)—which the Court will split, using $194.13 as the applicable hourly rate. Thus, Plaintiff is awarded reasonable attorney's fees in the amount of $18,228.81 for 93.9 hours of work.

## II. CONCLUSION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (ECF No. 28), is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff is **AWARDED** $18,228.80 for reasonable attorney's fees under the EAJA. This award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the EAJA.


Date: March 27, 2018                              *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Semler v. Berryhill*
                                                          Case No. 16-cv-2445 (TNL)